***Exhibit B***

FILED
7/14/2023 2:38 PM
Delia Sellers
District Clerk
Liberty County - 253rd District Court
Liberty County, TX
Esperanza Sierra

CAUSE NO. 23DC-CV-01023

| | | |
|---|---|---|
| **DEWANNA RENEE PARKER** | § | **IN THE DISTRICT COURT** |
| | § | |
| vs. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **KONNOR BRAEDEN RODGERS** and | § | **LIBERTY COUNTY, TEXAS** |
| **CARCO CARRIAGE CORPORATION** | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES DEWANNA PARKER and DARIUS DEVON SIMS**, hereinafter called Plaintiffs, complaining of and about **CARRIAGE CORP and KONNOR BRADEN RODGERS**, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, **DEWANNA RENEE PARKER**, is an individual who resides in Texas.

3. The last four numbers of **DEWANNA RENEE PARKER**'s social security number are 2804.

4. Defendant, **KONNOR BRAEDEN RODGERS**, is an individual who resides in Arizona and may be served with process at his home address, **3430 Irby Drive, Conway, Arizona 72034**, or wherever he may be found by personal delivery.

5. Defendant, **CARCO CARRIAGE CORPORATION,** is an Arizona corporation licensed to do business in the state of Texas, and may be served with process through its registered agent, Carl D. Corley, Sr., at **2905 North 32nd Street, Fort Smith, Arizona 72094**, or wherever he may be found by personal delivery.

*Exhibit B*

## **SERVICE IS REQUESTED UPON THIS DEFENDANT AT THIS TIME.**

## **PLEASE REQUEST A FREE DEFENSE FROM YOUR INSURANCE COMPANY STATE FARM INSURANCE**

INSURANCE COMPANY CONTACT INFORMATION:

Attention: Breana Johnson
PO Box 106170
Atlanta, GA 30348
Telephone: (972) 744-5136
Facsimile: (855) 820-6318

Claim #: 0444S586Q

Date of Incident: January 15, 2023

### **JURISDICTION AND VENUE**

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. monetary relief over $250,000 but not more than $1,000,000.

7. This court has jurisdiction over the parties because Defendant is a Texas resident.

8. Venue in Liberty County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### **FACTS**

*Exhibit B*

9. On or about January 15, 2023, Plaintiff was traveling eastbound on 573 Loop in a safe and prudent manner while Defendant KONNOR BRAEDEN RODGERS was traveling northbound on a US 59 North feeder road when he failed to stop at a stop sign as Plaintiff's vehicle entered the intersection, leading to Defendant's vehicle striking Plaintiff's vehicle. Plaintiff's damages are proximately caused by the negligence of Defendant as follows:

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST KONNOR BRAEDEN RODGERS

10. Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

  A. Defendant failed to turn his motor vehicle away from Plaintiff's vehicle in an effort to avoid the collision complained of;

  B. Defendant failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

  C. Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

  D. In that Defendant failed to yield as a person of prudent care would have done;

  E. In that Defendant failed to turn the motor vehicle in an effort to avoid the collision complained of;

  F. In that Defendant was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary

*Exhibit B*

  prudence under the same or similar circumstances;

G. In that Defendant failed to apply the brakes to the motor vehicle in a timely and prudent manner and wholly failed to apply the brakes in order to avoid the collision in question;

H. Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

I. Defendant failed to obey the signal device controlling the intersection where the collision occurred;

### PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST KONNOR CARCO CARRIAGE CORPORATION

13. Plaintiff alleges Defendant CARCO CARRIAGE CORPORATION was guilty of negligently entrusting the use and operation of her vehicle to Defendant KONNOR BRAEDEN JACKSON. As the owner of a motor vehicle, Defendant owed a duty to Plaintiff, amongst all other public persons, to entrust the use of the vehicle to a competent driver, and thus assumed responsibility—alongside the negligently entrusted—and is liable for its own negligence in entrusting the vehicle to Defendant KONNOR BRAEDEN RODGERS, *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 2007 Tex. LEXIS 543, 50 Tex. Sup. J. 886. Defendant CARCO CARRIAGE CORPORATION's breach of duty was as follows:

(1) Entrusting the vehicle as the owner;

(2) To an unlicensed, incompetent, or reckless driver;

(3) Who the owner knew or should have known to be unlicensed, incompetent or reckless;

(4) Who was negligent on the occasion in question;

(5) And whose negligence proximately caused the accident.

*Exhibit B*

## VIOLATION OF STATE STATUTES – NEGLIGENCE PER SE

14.     Plaintiff further alleges Defendant was likewise guilty of violating the following statutes of the State of Texas, which was in full force and effect at the time and place of the incident. An unexcused violation of a statute constitutes negligence per se if that statute was designed to prevent injury to the class of persons to which the plaintiff belongs and the Plaintiff's injury is of a type that the statute was designed to prevent. *Perry v. S.N.*, 973 S.W.2d 301, 304-05 (Tex. 1998). As Plaintiff is a member of the class that the following statutes were designed to protect, and Plaintiff's injuries are of the type the statutes were designed to prevent, Defendant's violation of these statutes constitute negligence per se:

(1) <u>Texas Transportation Code §545.151: Vehicle Approaching or Entering Intersection</u>
    a.  An operator approaching an intersection:
        (1) Shall stop, yield, and grant immediate use of the intersection:
            (A) in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign…

## DAMAGES FOR PLAINTIFF

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer bodily injury, and to incur the following damages:

    A.  Reasonable and necessary medical care and expenses in the past, and which will, in all reasonable probability, be incurred in the future;

    B.  Physical pain and suffering in the past, and which will, in all reasonable probability, be incurred in the future;

    C.  Mental anguish in the past, and which will, in all reasonable probability, be incurred in the future;

    D.  Physical impairment in the past, and which will, in all reasonable probability, be incurred in the future;

    E.  Lost wages in the past and in all reasonable probability a loss of earning capacity in the future; and

*Exhibit B*

      F.      Disfigurement in the past and in all reasonable probability, disfigurement in the future.

## U.S. LIFE TABLES

16. Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the United States Department of Health and Human Services.

## RULE 193.7 NOTICE

17. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that any and all documents produced by either Plaintiff or Defendant may be used at any pretrial proceeding or at a trial of this matter.

## DESIGNATED E-SERVICE EMAIL ADDRESS

18. The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21a: <u>GMLIT@GMFIRM.COM</u>. This is the undersigned's ONLY electronic service email address, and service though any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

*Exhibit B*

Respectfully submitted,

**GODSEY MARTIN, P.C.**

By: _____
**Ryan E. Rogers**
Texas Bar No. 24011200
15000 Surveyor Blvd.
Addison, Texas 75001
2950 North Loop West, Suite 400
Houston, Texas 77092
Tel. (972) 918-3780
Fax. (469) 620-0044
gmlit@gmfirm.com

*Attorney for Plaintiff*

CORRESPONDENCE, E-SERVED DOCUMENTS, NOTICES AND ORDERS ARE ONLY ACCEPTED AT DESIGNATED E-SERVICE EMAIL ADDRES (GMLIT@GMFIRM.COM). SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID